# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

**Civil Action No. 16-cv-00248-JLK**

5280 PROSPERITY LLC, a voluntarily
dissolved Colorado limited liability company,

              Plaintiff,

    v.

WEST USA REALTY, INC., an Arizona corporation;
WW Franchise LLC, an Arizona limited liability company;
CLINT FOUTS, an individual; and DOES 1-50,

              Defendants.

## ORDER

Kane, J.

      I have reviewed Defendants' Motion to Dismiss (or Alternatively, to Transfer Venue) (Doc. 14) as well as all of the attendant documents and briefing. I am not, at this point, favorably impressed with the Motion and am disinclined to dismiss Plaintiff's fraud claim as being contrary to either Arizona or Colorado's view of the economic loss doctrine, or violative of the Franchise Agreement's mandatory arbitration clause. I am unpersuaded that the Franchise Agreement applies to Mr. Sanchez's claim at all, which is premised not on a violation of any contractual obligation arising under the agreement, but on extra-contractual obligations that arise independently of it. Arizona, like Colorado, applies the Rest.(2d) of the Conflict of Laws in diversity cases such as this, and it is clear under either jurisdiction's case law that Colorado law

applies to Plaintiff's claim.  Even if the Agreement were to apply, I would be disinclined to enforce its mandatory arbitration clause at § 22 of the Agreement that requires Franchisees, but not the Franchisor to subject its disputes to mandatory "secret" mediation, and then to arbitration, exclusively in Maricopa County, Arizona.  The Franchisor is explicitly excluded under § 22C of the Agreement from the mandatory mediation/arbitration/venue limitations of § 22B, and may bring an action for "[monetary relief], declaratory relief, preliminary or permanent equitable relief, any action at law for damage to goodwill, proprietary information, service marks or other property or for fraudulent conduct by the Franchisee" anywhere it likes.  The one-sided nature of the mandatory arbitration and venue provision couldn't be more patent.  Finally, with respect to the suggestion that Colorado constitutes a *forum non conveniens* in this case, there has been no showing that the weight of the factors to be considered in a § 1404 transfer request militates strongly in favor of Arizona, or that Plaintiff's choice of forum should be disturbed.

While these are my leanings, I remain open to persuasion and would like to set Defendants' Motion to Dismiss for oral argument.  I am aware counsel for Defendants resides in Arizona, but believe oral argument will assist me in considering the multiple and overlapping issues Defendants raise.  ACCORDINGLY,

Counsel are directed to confer and to call in JOINTLY on or before April 28, 2016, to set a date for oral argument on the Court's calendar — 303-844-6118.  Should either side desire a referral to a magistrate judge for settlement in the interim, it may request one at the time of the phone call.

SO ORDERED this 21st day of April, 2016.

BY THE COURT:

*John L. Kane*
_____
JOHN L. KANE
Senior U.S. District Court Judge